

AO 91 (Rev. 11/11) Criminal Complaint      AUSA Corey B. Rubenstein (312) 353-8880

INTAKE
& DEC 13 2019

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES OF AMERICA

v.

SEDGWICK WILLIAMS,
    also known as "Sed";
IVAN AYERS,
    also known as "Mook"; and
TAI HON LA

CASE NUMBER: **19 CR 932**

MAGISTRATE JUDGE SCHENKIER

FILED
DEC 13 2019
Magistrate Judge Sidney I. Schenkier
United States District Court

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

From on or about December 11, 2019, to on or about December 12, 2019, at South Holland, in the Northern District of Illinois, Eastern Division, the defendants violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 922(g)(1) | Knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, namely a 9mm Smith and Wesson SD9VE, bearing serial number FYW1476, and 10 rounds of Hornady 9mm ammunition, which firearm and ammunition had traveled in interstate commerce prior to defendant's possession of it. |

This criminal complaint is based upon these facts:

  X   Continued on the attached sheet.

CHRISTOPHER POTTS
Special Agent, Federal Bureau of Investigation (FBI)

Sworn to before me and signed in my presence.

Date: December 13, 2019

City and state: Chicago, Illinois

SIDNEY I. SCHENKIER, U.S. Magistrate Judge
*Printed name and Title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

Ss

## AFFIDAVIT

I, CHRISTOPHER POTTS, being duly sworn, state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation and have been so employed since approximately September 2018. I am currently assigned to the FBI's Joint Gangs Task Force, and my responsibilities include the investigation of drug trafficking and violent crimes, including kidnapping, and the apprehension of violent fugitives. The information in this Affidavit is based on my review of pertinent documents and records, interviews of witnesses, information received from other law enforcement agents, my experience and training, and the experience of other law enforcement agents with whom I have consulted.

2. This affidavit is submitted in support of a criminal complaint alleging that SEDGWICK WILLIAMS, IVAN AYERS, and TAI HON LA have violated Title 18, United States Code, Section 922(g)(1). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging WILLIAMS, AYERS, and LA with possession of a firearm and ammunition by a convicted felon, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendants committed the offense alleged in the complaint.

I.  **FACTS IN SUPPORT OF PROBABLE CAUSE**

   A.  **Summary**

   3.  On or about December 11-12, 2019, WILLIAMS, AYERS and LA, along with a fourth subject, Individual A, planned and attempted to commit an armed robbery of Victim A at his residence, located at XXX East 161st Place, South Holland, Illinois. As described in further detail below, WILLIAMS, AYERS, LA and Individual A possessed and used two semi-automatic handguns in order to carry out the attempted robbery.

   B.  **The Attempted Armed Robbery and Use of the Handguns.**

   4.  According to South Holland police officers, at approximately 11:50 p.m. on or about December 11, 2019, the South Holland Police Department received a 911 call from Victim A, who resides at XXX East 161st Place, South Holland, Illinois. Victim A stated during the 911 call that there was a suspicious vehicle parked in front of his residence and unidentified men had approached his home. (Victim A later told agents that the men were dressed all in black and holding what appeared to be handguns, and he heard what he believed to be police radios which appeared to identify them as law enforcement officials.[1] A South Holland police officer arrived at the residence at approximately 11:54 p.m. and observed two male subjects at the door

---

[1] According to law enforcement criminal history databases, Victim A has a prior felony fraud conviction and is currently facing a weapon offense charge, with which he was charged with while on supervised release for the fraud conviction. Victim A also has prior convictions for misdemeanor attempted forgery, narcotics, and weapons offenses. According to the publicly available court docket for Victim A's fraud case, Victim A may have substance abuse and mental health issues.

2

of the residence who the officer believed might be with law enforcement. The officer then observed the two male subjects running into the backyard and a Chevrolet Impala, bearing Illinois License Plate # ZU4 2538, parked in front of the residence. That vehicle fled eastbound on 161st Place, but was stopped by responding officers. WILLIAMS and AYERS were the only two occupants of the vehicle at that time with WILLIAMS in the driver's seat, and they were then taken into custody.

5. At approximately 12:05 a.m. on December 12, 2019, responding FBI agents observed a third male subject in the parking lot at 300 East 162nd Street, South Holland, IL, who was then arrested and identified as LA. According to Google Maps, the location of LA's arrest is approximately 0.3 miles west of Victim A's house.

C. **Individual A's Post-Arrest Statement**

6. Individual A was arrested at approximately 2:01 a.m. on December 12, 2019. Upon his arrest, Individual A was advised of his Miranda rights and agreed to speak with investigators regarding the incident. During the recorded interview, Individual A stated the following: On or about December 11, 2019, a person he knew as "Mook" offered him money if Individual A would help "Mook" with a job. Shown a known photograph of AYERS, Individual A identified that person as the person he knew as "Mook" (hereafter referred to as AYERS). Later that same day, Individual A met AYERS in the vicinity of 7500 S. Lafayette Street in Chicago, Illinois. When Individual A arrived, he got into the back seat of the Chevy Impala. AYERS was seated in the front passenger's seat. An individual who Individual A knew as "Sed" was in the driver's seat, and another individual was in the backseat with Individual

3

A. Shown a known photograph of WILLIAMS, Individual A identified that individual as the person he knew as "Sed" (hereafter referred to as WILLIAMS). Shown a known photograph of LA, Individual A identified that individual as the other individual who was in the backseat of the Chevy Impala.

7. Individual A further stated to law enforcement that after getting in the car, WILLIAMS stated to AYERS, words to the effect of, "make sure you follow the directions," as AYERS was entering the victim's address into a GPS-capable device. Also, once in the car, AYERS handed Individual A what appeared to be a bullet-proof vest and a flashlight. Individual A was also provided with handcuffs. AYERS stated to Individual A that he was owed money by the intended victim and discussed the plan for a robbery of the victim at his house. WILLIAMS, AYERS, LA and Individual A agreed that because Individual A and LA had the physical appearance of law enforcement officers, the two of them would approach the front door of the residence, ring the doorbell, and get the victim to come to the door. Individual A stated that once that was accomplished, the plan was that WILLIAMS and AYERS would enter the residence and they would rob the victim.

8. According to Individual A, a few blocks before arriving at the victim's house, WILLIAMS stopped the car and WILLIAMS, AYERS, LA and Individual A discussed that it would be better for Individual A to be in the front seat because of his appearance as a law enforcement officer. Individual A got out of the car to trade places with AYERS. As Individual A was getting into the front passenger seat, AYERS stated that there was a gun on the front seat for Individual A to use.

4

Individual A took the gun from the front passenger seat and put it in his pocket. Individual A described the gun as a black semi-automatic handgun.

9. Also according to Individual A, upon arriving at the victim's house, Individual A and LA exited the vehicle. Individual A observed LA with a handgun. Individual A also heard LA chamber a round in that gun. Individual A and LA approached the front door of the residence with the guns in hand. Individual A then saw police approaching the scene, at which point he and LA attempted to flee. Individual A stated to law enforcement that he fled through the backyard of the victim's residence, at which point he threw the handgun over the fence and put the vest he had been wearing on the ground.

### D. Recovered Handguns, Ammunition and Police Gear

10. Agents and officers recovered two semi-automatic handguns, ammunition, handcuffs, and two bullet-proof vests in the vicinity of the victim's house. Specifically, agents and officers recovered a semi-automatic 9mm pistol with a Glock-made barrel and slide, bearing serial number BLBR382, along with 10 rounds of Hornady 9mm ammunition in the magazine of that handgun, from the backyard of Victim A's next door neighbor. Additionally, agents and officers recovered a 9mm Smith and Wesson, SD9VE, bearing serial number FYW1476, in or near the alley behind Victim A's house. That firearm had a round in the chamber. Agents and officers also recovered two bullet-proof vests, handcuffs, and a police scanner next to that firearm.

11. According to an ATF trace report, the 9mm Smith and Wesson was not manufactured in the State of Illinois, and traveled in interstate commerce prior to the incident described herein. On or about December 13, 2019, an FBI Special Agent spoke with a representative of Hornady Manufacturing, which manufactured and sold the Hornady ammunition, who confirmed that the Hornady ammunition was not manufactured in the State of Illinois, and therefore had traveled in interstate commerce prior to the incident described herein.

### E. Defendants' Prior Felony Convictions

12. According to my review of law enforcement criminal history databases, AYERS has multiple felony convictions, including: (1) on or about October 16, 2008, AYERS was convicted of Aggravated UUW/on Person in the Circuit Court of Cook County, Illinois; (2) on or about July 18, 2008, AYERS was convicted of Aggravated Battery/Public Place and Criminal Trespass to Residence/Person Present in the Circuit Court of Champaign County, Illinois; and (3) on or about November 2, 2008, AYERS was convicted of Burglary in the Circuit Court of Cook County, Illinois.

13. According to my review of law enforcement criminal history databases, WILLIAMS has multiple felony convictions, including: (1) on or about February 2, 2019, WILLIAMS was convicted of identity deception arising out of charges brought by the Hobart, IN police department, and was sentenced to 2 years' imprisonment with a 728 day suspended sentence; (2) on or about December 9, 2005, WILLIAMS was convicted of Kidnapping/Armed with Firearm in the Circuit Court of Cook County, Illinois, and sentenced to 25 years' imprisonment; (3) on or about April 29,

2002, WILLIAMS was convicted of unlawful possession of a weapon by a felon; (4) on or about October 3, 1995, WILLIAMS was convicted of manufacture/delivery of controlled substances in the Circuit Court of Cook County, Illinois; and (5) on or about August 13, 1997, WILLIAMS was convicted of Carry/Possession of Firearm in Public in the Circuit Court of Cook County.

14. According to my review of law enforcement criminal history databases, LA has multiple felony convictions, including: (1) on or about May 9, 2016, LA was convicted of bank robbery, in violation of Title 18, United States Code, Section 2113, in the United States District Court for the Northern District of Illinois, and sentenced to 30 months' imprisonment (according to criminal history databases, LA is currently on supervised release from his May 2016 federal bank robbery conviction); (2) on or about December 15, 2011, LA was convicted of Aggravated UUW/on person in the Circuit Court of Lake County, Illinois; and (3) on or about October 20, 2009, LA was convicted of possession of controlled substances in the Circuit Court of Cook County, Illinois.

15. According to my review of law enforcement criminal history databases, Individual A has no felony convictions.

## CONCLUSION

16. Based on the foregoing, I respectfully submit that there is probable cause to believe that AYERS, WILLIAMS and LA violated Title 18, United States Code, Section 922(g)(1).

CHRISTOPHER POTTS
Special Agent
Federal Bureau of Investigation

Subscribed and sworn
before me this 13th day of December, 2019

Honorable Sidney I. Schenkier
United States Magistrate Judge

8